# MATTHEWS & ASSOCIATES

2905 SACKETT STREET　　　　　　　ATTORNEYS & COUNSELORS AT LAW　　　　　　　713-522-5250
HOUSTON, TEXAS 77098　　　　　　　　　　WWW.DMLAWFIRM.COM　　　　　　　　　　FAX 713-535-7184

March 1, 2023

**VIA ECF**
Honorable Marcia M. Henry
United States District Court
for the Eastern District of New York
40 Foley Square
New York, NY 10007

　　　Re: *Trinidad v. Our Lady of Mercy Chapel et al,* Case No.: 1:21-cv-04405-DG-MMH

Dear Judge Henry:

Pursuant to Your Honor's instruction at the status conference on 2/10/23, and subsequent order on 2/13, Plaintiff John Rafeal Trinidad respectfully submits this letter motion seeking to compel defendants Roman Catholic Diocese of Brooklyn ("Diocese"), Our Lady Of Mercy Chapel, and Our Lady Of The Presentation – Our Lady Of Mercy Parish (collectively, "Our Lady") to provide responses to Plaintiff's First Set of Interrogatories ("ROGs") and Requests for Production ("RFPs") and produce an unredacted and complete clergy file for Fr. Kenneth John Wicks ("Fr. Wicks"). **Ex. A.**

Defendants' Diocese (**Ex. B**) and Our Lady (**Ex. C**) responses to Plaintiff's First Set of ROGs and RFPs, received on 12/16/22, contained scant information with several objections and privileges, but no privilege log, reasons for withholding, or *any* responsive documents. On 12/23, I notified Defendants of the deficiencies, incompleteness, and improper objections within Defendants' responses, demanded responsive documents and a privilege log, and requested a meet and confer to resolve issues and avoid motions practice. **Ex. D**. In counsels' call on 1/4/23, Defendants only assured that "Fr. Wick's clergy file" (the "file") would be produced by the end of that week. **Ex. E.** On 1/6, I received a heavily redacted file, but no privilege log. **Ex. F.** I reiterated the deficiencies in Defendants' responses, demanded a privilege log, and requested another meeting. **Ex. G.** Defendants were unable to meet until after the 2/10 status conference in which Defendants were ordered to produce a privilege log by Feb. 14. **Ex. H.**

Upon receipt of Diocese's first privilege log ("Log 1") (**Ex. I**), I promptly informed opposing counsel that Log 1 is not compliant with the FRCP, wholly lacks clarity, and has improper bases for redaction/withholding. **Ex. J.** I requested an updated, compliant privilege log and clarification on several items. Id. Counsel met and conferred again on 2/17, but Diocese was unable to explain and/or justify assertions of privilege in Log 1. Diocese was given one week to cure Log 1. Diocese's supplemental, yet substantially similar, privilege log ("Log 2") was received on 2/24. **Ex. K.** Plaintiff is *still* unable to ascertain whether any of the assertions of "privilege" or withholding are legitimate and if other responsive documents outside of the file exist.

Despite good-faith efforts to resolve its differences with Defendants, to date (and now long after the production deadlines have passed and a fact discovery deadline is quickly approaching on 5/11/23) Plaintiff has received incomplete production of documents and a non-compliant privilege log from Diocese, no responsive documents from Our Lady, and incomplete and/or nonresponsive ROGs from both Defendants.

1

I. **Defendants have failed to meet their burden to establish that the documents withheld and/or redacted are not discoverable or privileged.**

Plaintiff is entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). When a party withholds information otherwise discoverable by claiming privilege it must describe the nature of the things not produced or disclosed and do so in a manner that will enable other parties to assess the claim. Sulaymu-Bey v City of New York, 372 F Supp 3d 90, 93 [EDNY 2019]. Further, when producing a privilege log the party should provide "a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document." Id. Defendants have failed to do any both. Our Lady has provided no responsive documents, no reason for withholding, and no privilege log. Diocese has produced only the file, which is responsive to only RFP Nos. 1-11, 25 – 27, if that, and Log 2, which only references documents from the file. Log 2 does not utilize any privileges claimed in Diocese's RFP responses and falls severely short of notifying Plaintiff of its claims as it merely provided dates, improper and/or fanaticized privileges and/or withholdings, and/or little-to-no description.

Diocese provides no detail as to why a document is privileged under the First Amendment other than it being a "confidential assessment of individual's fitness for ordination," nor is any explanation provided as to how the file documents are protected by physician-patient privilege, HIPAA, ADA, and/or NYS Public Health Law: HIV and Aids Related Information. Further, physician-patient relationship does not attach unless the individual receiving information from the patient is an authorized health care provider, which the Diocese is not. See Jones v Commercial Union Ins. Co., 161 FRD 243, 245 [WDNY 1995]; see also In re Doe, 964 F.2d 1325, 1328 (2d Cir.1992).

Diocese has also withheld documents/information based on what it calls "alleged victim confidentiality" yet offered no rule or reference as to its legitimacy. No such privilege exists. Any documents and/or information from and/or related to a victim of Fr. Wicks' sexual abuse, from any time, is relevant to Plaintiff's claims. Diocese has identified documents and information containing this information and hidden them behind a made-up privilege.

Subsequent remedial measures are discoverable. This issue relates to the admissibility of measures taken that would have made an earlier injury or harm less likely to occur to prove certain items. FRE 407. This issue is not ripe, and Plaintiff is entitled to these documents in the discovery phase.

Diocese has improperly withheld items based on relevancy. Diocese bears the burden of *specifically* demonstrating why any requested discovery is objectionable and must clearly set forth the specifics of each objection and how it relates to the discovery being demanded. See Obiajulu v. City of Rochester, Dep't of Law, 166 FRD 293, 295 (WDNY1996). "Pat, generic, boilerplate, and non-specific objections will not suffice." Id. Log 2 indicates that 39 documents and/or portions from the clergy file have been redacted based on "Relevancy", but no other detail is provided. Both Defendants have failed to properly demonstrate the various relevancy objections made in their RFP and ROG responses and failed to state whether any responsive materials, falling outside of the confines of the file, are being withheld based on relevance; thus, these objections should be overruled. FRCP 34(b)(2)(C); See, e.g., Chow v. SentosaCare, LLC, 19-cv-3541, 2020 WL 559704, at *3 (EDNY Jan. 23, 2020).

**II.       Defendants' ROGs Responses are Nonresponsive and/or Incomplete.**

Defendants' ROG responses are identical or substantially similar; thus, are nonresponsive and/or incomplete for the same reasons. Grounds for objecting to an interrogatory must be stated with specificity, and if not stated in a timely objection are subject to waiver. FRCP 33(b)(4). Defendants' responses to ROGs Nos. 1 and 2 are incomplete, and the remaining have *no* responsive information, blanket privilege, and state they would not provide information post-dating Plaintiff's sexual abuse, would consider responding if Plaintiff's requests were "narrowly tailored", and/or were unable to provide certain information because the investigation into Fr. Wicks was "ongoing." To date, and despite effort, no clarity has been provided on when responses will be received or how the requests could be narrowly tailored to Defendants' liking. The only guidance relates to the scope of time of Plaintiff's requests; therefore, Plaintiff can respond only to this issue.

Plaintiff's requests span from 1960 to present, which is a reasonable time reflecting Fr. Wicks' entry into the seminary in 1954 and ordination in 1963, his abuse of Plaintiff from approximately 1969 to 1973, his transfer to other parishes where he continued to abuse children into the 1980s and likely beyond, and the revelations of abuse that have continued to present day. Information about Fr. Wicks prior to Plaintiff's abuse is relevant to determining what Defendants knew or should have known as well as their actions and inactions to such. Meanwhile, information about Fr. Wicks post-dating Plaintiff's abuse is relevant for the same reasons, in addition to the fact that subsequent reports, acts, omissions, etc. could notify the parties that Defendants knew or should have known about Fr. Wick's sexual properties prior to and/or during Plaintiff's sexual abuse. For example, it is more than relevant to learn another survivor came forward in 1985 stating that he had reported Fr. Wicks' sexual abuse to Defendants prior to Plaintiff's abuse, and they refused to act.  Also relevant to those acts and omissions and notice of Defendants are the various internal policies and procedures related to the systemic issue of childhood sexual abuse by its clerics, which were first codified in 1917 and have continued to be altered and/or supplemented to date. The time frame indicated by Plaintiff properly reflects the period encompassing these highly relevant events.

**III.      Plaintiff anticipates additional discovery disputes regarding Plaintiff's Deposition and FRCP 30(b)(6) Notices.**

To date, Plaintiff's deposition has not been scheduled or noticed, but is ordered to completed by 3/17/23. The initial deadline for Plaintiff's deadline to be completed was extended because Defendants had not received all medical records. It is now just over two weeks until Plaintiff's deposition deadline. Plaintiff has made great effort to determine the status of scheduling his deposition, with no avail. See **Exs. D, E, G, and L.**

To avoid undue delay, Plaintiff originally requested availability for 30(b)(6) depositions on 1/31/22 and included the list of matters for examination. **Ex. G.** Defendants repeatedly refused to provide availability and indicated they do not agree with the topics but would not discuss further until the depositions were noticed. FRCP requires parties to confer either "before or promptly after" service of the deposition notice or subpoena. See **Exs. D, E, G, L, and M.**  Since Defendants were not willing to cooperate, Plaintiff noticed 30(b)(6) depositions on Feb. 21. **Ex. N.** Given our quickly approaching fact discovery deadline, Plaintiff is trying to avoid the filing of additional motions in this case.

Respectfully Submitted,

*Liza L. Roys*

Liza L. Roys, Esq.

Via ECF to all appearing parties.