UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOHN RAFEAL TRINIDAD,

                              Plaintiffs,

        -against-

ROMAN CATHOLIC DIOCESE OF
BROOKLYN, *et al.*,

                              Defendants.
------------------------------------------------------------------- x

ORDER

21-CV-4405 (DG)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

      In this diversity action, Plaintiff John Rafeal Trinidad sued the Roman Catholic Diocese of Brooklyn (the "Diocese"), and Our Lady of Mercy Chapel and Our Lady of the Presentation-Our Lady of Mercy Parish (together, the "Parish"), alleging common law negligence and negligent hiring and supervision claims.  (Am. Compl., ECF No. 28.)[1]  Before the Court is Plaintiff's motion to compel unredacted documents from the Diocese.  (ECF No. 38.)  The motion is granted in part and denied in part.

**I.      BACKGROUND**

      Plaintiff alleges that Father Kenneth Wicks, a Roman Catholic priest, sexually abused him from approximately 1969 to 1973, when Plaintiff was 13 to 18 years old.  (Am. Compl. ¶ 14).  The alleged abuse started in 1969 when Plaintiff was an altar server at the Parish in Brooklyn, New York.  (*See id.* ¶¶ 14–15.)  According to Plaintiff, Wicks abused him weekly in Wicks's room by sedating, restraining, and sexually assaulting him.  (*Id.* ¶¶ 15–16.) Plaintiff

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

claims that the abuse continued when Wicks was transferred to other parishes in Brooklyn in or about 1972 and 1973. (*Id.* ¶¶ 18, 20.) Wicks died in 2003. (*Id.* ¶ 37.)

Plaintiff alleges that the Parish and the Diocese were aware of, and had a duty to protect him from, Wicks's predatory conduct towards him and other minors. (*Id.* ¶ 38.) Plaintiff states that Wicks was named on the Diocese's 2019 list of clergy for whom the Diocese received "credible" allegations of sexual misconduct of a minor. (*Id.* ¶ 36.) Plaintiff further alleges that, between 1962 and 2001, the Catholic Church forbade disclosure to civilian authorities or others when priests or religious members, such as Wicks, were accused of sexually abusing minors, and transferred knowingly problematic priests between parishes. (*See id.* ¶¶ 22–25.) Plaintiff asserts that Defendants failed to supervise Wicks and avoided reporting his behavior "to avoid Church scandal." (*Id.* ¶ 46.)

On March 1, 2023, Plaintiff moved to compel Defendants[2] to provide responses to his first set of interrogatories and requests for production of documents, and to produce an unredacted and complete clergy file for Wicks. (ECF No. 38.) Defendants filed their opposition letter on March 8, 2023. (ECF No. 40.) At a status conference on April 26, 2023, the Court heard argument and directed the parties to submit the disputed clergy file for in-camera review. (April, 26, 2023 Min. Entry & Order.) The Diocese also filed an amended privilege log to clarify its redactions. (ECF No. 48.)

---

[2] While the letter motion seeks to compel production from both Defendants, the arguments focus on the Diocese, the custodian of the clergy file.

2

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018). Once there is a showing of relevance, "then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive." *Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018).

The Court may, "for good cause," issue a protective order by limiting discovery—including permitting redactions—"to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021).

### A. Relevance Objections

Plaintiff argues that any information from the clergy file related to victims of Wicks's sexual abuse, without temporal limitations, is relevant to Plaintiff's claims. (ECF No. 38 at 2.) The Diocese responds that its relevancy redactions are based on the identity of third-party victims of sexual assault and events post-dating Wicks's alleged abuse of Plaintiff between 1969 and 1973, and after 1974 at the latest. (ECF No. 40 at 2; ECF No. 48 at 1.).

The Court finds "[t]he personnel file of Father [Wicks] is highly probative of the issues raised by the lawsuit and may shed light both on matters related to his possible sexual abuse of [Plaintiff] and others as well as the Diocese's role in protecting children within the parish from such abuse." *Shovah v. Mercure*, No. 2:11-CV-201, 2013 WL 12226890, at *1 (D. Vt. Oct. 30, 2013). According to Plaintiff, Wicks's abuse began while Wicks was assigned to the Parish and continued after Wicks was transferred to two other parishes. (Am. Compl. ¶¶ 14, 18, 20.) Other victims' allegations of abuse are relevant to show a pattern of conduct of which the Parish and/or Diocese were aware but failed to address. *See Shovah*, 2013 WL 12226890, at *1 ("Evidence of the Diocese's knowledge and treatment of other instances of misconduct are probative of its knowledge and treatment of the instant allegations and to any question of punitive damages."). Therefore, Plaintiff easily establishes the clergy file's relevance to his claims.

The Diocese argues that "the proper inquiry in this case should be limited to what the . . . Diocese knew about [Wicks's] propensity for the conduct alleged either contemporaneously with or prior to [Plaintiff's] alleged abuse," making any post-1974 documents irrelevant. (ECF No. 40 at 3.) But "[i]n this Circuit, '[t]he weight of authority . . . goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'" *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20-CV-5015 (VEC)(BCM), 2022 WL 621957, at *2 (S.D.N.Y. Mar. 3, 2022) (quoting *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018 (collecting cases)); *see also Cyris Jewels v. Casner*, No. 12-CV-1895 (KAM)(SLT), 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016). Moreover, the portions of the clergy file produced thus far are inconsistent

4

with many of the Diocese's relevance redactions. For example, the Diocese produced KJW000004–KJ000005, which disclose events occurring *after* Wicks's alleged abuse of Plaintiff. The Diocese offers no principled reason for producing this document yet withholding other, similar documents within the same timeframe. Accordingly, the Diocese's relevancy objection is overruled.

### B.  Privilege Objections

Defendants also argue that Wicks's health information is entitled to privacy protections based on the physician-patient privilege. (*See* ECF No. 40 at 2.) In a federal court siting in diversity, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *In re Zyprexa Prod. Liab. Litig.*, 254 F.R.D. 50, 52 (E.D.N.Y. 2008), *aff'd*, No. 04-MD-1596, 2008 WL 4682311 (E.D.N.Y. Oct. 21, 2008). Under New York law, doctor-patient privilege protects information that a medical professional acquires "in attending a patient in a professional capacity, and which was necessary to enable the medical professional to act in that capacity." *Hasemann v. Gerber Prods. Co.*, Nos. 15-CV-2995, 16-CV-1153, 2:17-CV-0093 (MKB)(RER), 2018 WL 5651357, at *1 (E.D.N.Y. Oct. 9, 2018) (citing N.Y. C.P.L.R. § 4504(a)); *Newman v. Mount Sinai Med. Ctr., Inc.*, 169 N.Y.S.3d 262, 265 (1st Dep't 2022) ("The doctor-patient privilege provided for by CPLR 4504(a) protects information relevant to a patient's medical treatment[.]") The privilege extends to medical records and information provided as a condition of employment. *See Friel v. Papa*, 87 A.D.3d 1108, 1111 (2d Dep't 2011). In light of the above, the Diocese has shown

5

good cause to redact Wicks's health information contained in the clergy file. Fed. R. Civ. P. 26(c)(1).[3]

The Diocese also redacted references to "confidential assessments of Father Wicks' fitness for ordination as a Roman Catholic priest," asserting that the First Amendment limits the discovery of internal ecclesiastical documents. (ECF No. 40 at 2.) Defendants do not show good cause to redact *any* conceivable reference to assessments of Wicks in the clergy file. For one thing, the Second Circuit has stated that the First Amendment does not provide religious associations with absolute immunity from discovery. *See Belya v. Kapral*, 45 F.4th 621, 633 (2d Cir. 2022), *petition for cert. filed*, No. 22-824 (Mar. 1, 2023). More critically, the Diocese's disclosures are (again) inconsistent with its asserted privilege. The Diocese disclosed KJW000058–KJW000060 but redacted extremely similar wording in other parts of the clergy file. As with its relevancy redactions, the Diocese asserts a privilege but fails to show good cause to continue redactions in light of its disclosure of comparable information. *See Trireme*, 2022 WL 621957, at *3 (stating that the burden to show good cause to redact information falls on the party seeking to redact that information). The Court therefore overrules this objection in part.

---

[3] The Court is less persuaded by the Diocese's redactions based on the Health Insurance Portability and Accountability Act ("HIPAA") and equivalent state law. (*See* ECF No. 40 at 3 n.3.) To address any privacy or other concerns, the Court entered a protective order pursuant to Rule 26(c) on October 27, 2022, permitting confidential designation of "personnel data or the parties or their employees," "medical or mental health information," and "records restricted or prohibited by statute," among others. (Protective Order, ECF No. 36 at 1–2.) The records in the clergy file fall squarely within these categories. Nonetheless, the Court is sensitive to the disclosure of third-party medical information and will permit the Diocese to redact that information. *See* Fed. R. Civ. P. 26(c).

The Diocese's redactions further include information relating to "subsequent remedial measures." (*See* ECF No. 40 at 3; ECF No. 48 at 2–3, 7–9.) "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures" is inadmissible at trial to prove negligence or culpable conduct, but may be admissible for other purposes, "such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. "[A]lthough evidence of subsequent remedial measures may not be admissible at trial, the mere fact that documentary or testimonial evidence relates to a remedial measure does not render it undiscoverable. Nor is evidence of a remedial measure privileged by nature." *Klosin v. E.I. Du Pont De Nemours & Co.*, No. 19-CV-109 (EAW)(MJR), 2023 WL 1097859, at *6 (W.D.N.Y. Jan. 30, 2023). The Diocese's objection is premature at this stage of the litigation, where discovery is ongoing and more expansive than admissible trial evidence. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). The Court therefore overrules this objection.

Finally, the Diocese redacts the date and month of Wicks's date of birth and the first five digits of his social security number, citing Federal Rule of Civil Procedure 5.2. (ECF No. 48 at 4–6, 10.) Rule 5.2 requires redactions of comparable information "in an electronic or paper filing with the court." Fed. R. Civ. P. 5.2(a); *see also Gorzynski v. JetBlue Airways Corp.*, No. 03-CV-774 (EAW), 2014 WL 12806262, at *2 (W.D.N.Y. Mar. 25, 2014) ("the redaction rules are intended to protect private information that is docketed and made electronically available to the public"). It does not govern discovery exchanged between the

parties. Nonetheless, the Court does not find the information particularly relevant and therefore sustains this objection.

### C.  In-Camera Review

The Court carefully reviewed the unredacted clergy file submitted for in-camera review and, consistent with the reasoning above, finds that some but not all redactions were applied overbroadly. Generally, Defendants' objections related to Wicks's medical information, his confidential personal information, and other alleged victims' confidentiality (i.e., their name(s) and contact information) are sustained and the Diocese need not disclose redacted portions of the clergy file related to same. Objections based on relevancy, purported First Amendment concerns, and subsequent remedial measures are overruled except as set forth below.

The Diocese shall produce the following portions of the clergy file because the information therein is consistent with information produced in KJW000004—i.e., post-dating Plaintiff's claimed period of abuse. Defendants shall remove the full-page redactions and instead retain the redactions of the victim(s)' name(s) and contact information consistent with the produced document in KJW000004: KJW000001–KJW000003, KJW000013, KJW000148, KJW000150–KJW000158.

The Diocese shall produce the following portions of the clergy file because the information therein relates to conduct within the time period of Plaintiff's claims of abuse. (*See, e.g.*, Am. Compl. ¶ 20.) Defendants shall remove the full-page redactions and instead retain the redactions of the victim(s) name(s) and contact information consistent with the

8

produced document in KJW000004: KJW000007–KJW000012, KJW000136–KJW000137, KJW000139–KJW000147.

The Diocese shall produce the third sentence of the portion of the clergy file at KJW000067, the second sentence of the portion of the clergy file at KJW000092 and KJW000252, and the second paragraph of the portion of the clergy file at KJW000130 because each is consistent with the disclosed portions at KJW000058, KJW000060–KJW000061, KJW000063–KJW000064, and KJW000081.

The Court will not compel the Diocese to disclose redacted information in the following portions of the clergy file: KJW000004–KJW000006, KJW000014–KJW000015, KJW000017, KJW000020, KJW000025, KJW000055, KJW000058, KJW000060–KJW000061, KJW000063–KJW000064, KJW000069, KJW000072–KJW000073, KJW000076, KJW000078–KJW000081, KJW000088; KJW000091, KJW000093, KJW000112, KJW000119, KJW000121, KJW000122, KJW000123, KJW000126, KJW000128–KJW000129, KJW000160, KJW000162, KJW000179, KJW000189, KJW000204, KJW000206, KJW000210.

### III. CONCLUSION

Plaintiff's motion to compel production of the clergy file is granted in part and denied in part. By **June 16, 2023**, Diocese shall disclose an amended copy of the clergy file consistent with the directives in this Order.

**SO ORDERED.**

Brooklyn, New York
June 13, 2023

                                          /s/Marcia M. Henry
                                        MARCIA M. HENRY
                                        United States Magistrate Judge